**MAXINE NUNEZ SMITH, Plaintiff**

**v.**

**MOLETO SMITH, Defendant**

Civil No. 75-743

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 13, 1976

HOFFMAN, *Judge*

#### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter came on for a hearing on February 11, 1976. Plaintiff appeared in her own person and through her attorney, Birch, deJongh & Farrelly (Alexander A. Farrelly, Esq. of counsel). Defendant appeared in his own person and through his attorney Grunert, Stout, Hymes & Mayer (James L. Hymes III, Esq., of counsel).

From the evidence adduced at trial, the Court hereby makes the following Findings of Fact and Conclusions of Law.

#### FINDINGS OF FACT

The Court hereby finds:

1) That the plaintiff and defendant are residents and domiciliaries of the Virgin Islands, having resided in this district for more than six weeks prior to the filing of this suit;

2) That the parties were married on July 7, 1973 in St. Maarten, Netherlands Antilles;

3) That there is one minor child of the marriage, to wit: Marcella Nunez Smith, born September 16, 1975.

4) That, from all the evidence, there has been a breakdown of the marriage relationship to the extent that the legitimate objects of matrimony have been destroyed and there remains no reasonable likelihood that the marriage can be preserved;

5) That the plaintiff is a fit and proper person to have custody of the minor child of the marriage;

6) That the plaintiff is in need of the sum of $25.00 per week for the support and maintenance of the aforementioned minor child of the marriage;

7) That the defendant has no present steady income but is financially capable of supporting the minor child of the marriage in the sum of $25.00 per week;

8) That the plaintiff earns $14,900.00 per annum in salary and an additional $3,000.00 per annum for housing allowance as a visiting professor at the College of the Virgin Islands;

9) That the plaintiff is in good health and is able to continue to work.

### CONCLUSIONS OF LAW

The Court concludes as a matter of law:

1) That the Court has jurisdiction over these parties and over the subject matter of this action;

2) That the parties are equally entitled to a Decree dissolving the marriage entered into by the parties on July 7, 1973;

3) That the plaintiff shall have the care, custody and control of the minor child of the marriage, to wit:

Marcella Nunez Smith, born September 16, 1975 subject to reasonable rights of visitation by the defendant;

4) That the defendant has a duty to contribute to the support and maintenance of the aforesaid minor child of the marriage;

5) That the defendant shall contribute the sum of $25.00 per week for the support and maintenance of the minor child until further order of this Court;

6) That the plaintiff is not entitled to alimony, having failed to show any present or future need. 16 V.I.C. 109(3).

7) That the plaintiff is entitled to recover from the defendant the sum of $250.00 for attorney's fees and the sum of $7.00 for the costs of this action.

Let a Decree enter accordingly.

### DECREE

This matter came on for a hearing on February 11, 1976. The Court, having this day entered its Findings of Fact and Conclusions of Law in this matter and being satisfied that the Court has jurisdiction over the parties and the subject matter of this action, hereby enters the following Decree:

## ORDERED, ADJUDGED AND DECREED

1) That the marriage entered into by the parties on July 7, 1973 is hereby dissolved;

2) That the plaintiff shall have the care, custody and control of the minor child of the marriage, to wit:

Marcella Nunez Smith, born September 16, 1975 subject to reasonable rights of visitation by the defendant;

3) That the defendant shall contribute the sum of $25.00 per week for the support and maintenance of the aforesaid minor child, payable to the Cashier of the Municipal Court, commencing February 20, 1976;

4) That the plaintiff is not entitled to an award of alimony;

5) That the defendant shall contribute the sum of $250.00 toward the attorney's fees of plaintiff, to be paid

at \$10.00 per week to the offices of Birch, deJongh & Farrelly, commencing February 20, 1976;

6) That the plaintiff shall recover from the defendant the sum of \$7.00 for the costs of this action.

It is so decreed.